ESTATE OF Melvin W. ISAACSON, Deceased, Miriam A. Isaacson, Executrix, and Miriam A. Isaacson, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 104, Docket 88–4062.

United States Court of Appeals, Second Circuit.

Argued Oct. 6, 1988.

Decided Oct. 24, 1988.

**56**

Paul Windels, Jr., New York City (John Y. Taggart, Windels, Marx, Davies & Ives, New York City, on the brief), for petitioners-appellants.

Jonathan S. Cohen, Tax Div., Dept. of Justice, Washington, D.C. (William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, Michael J. Roach, Tax Div., Dept. of Justice, Washington, D.C., on the brief), for respondent-appellee.

Before KAUFMAN, NEWMAN and KEARSE, Circuit Judges.

PER CURIAM:

This appeal from a decision of the United States Tax Court (Mary Ann Cohen, Judge) challenges the disallowance of distributive shares of losses claimed by taxpayers who purchased limited partnership interests in a real estate tax shelter venture. The appeal is brought by Miriam A. Isaacson, acting both for herself and as administratrix of her husband's estate. The Commissioner of Internal Revenue determined a deficiency for the taxable year ending December 31, 1981, resulting from the disallowance of depreciation and interest deductions claimed by the limited partnership in which the taxpayers had purchased interests. The disallowance of these deductions eliminated the losses reported by the partnership and those claimed by the taxpayers with respect to their partnership interests. The Commissioner also assessed interest on the deficiency after determining that the deficiency constituted a substantial underpayment attributable to a tax motivated transaction. Internal Revenue Code of 1954 § 6621(c).

The partnership, Pleasant & Summit Associates ("PSA"), was organized to syndicate interests in an apartment complex in West Orange, New Jersey. The complex was purchased on May 3, 1978, by Pleasant Summit Land Corporation for $4,200,000.

The purchase was accomplished by the payment of $500,000 cash, assumption of a first mortgage, and a purchase-money second mortgage to the seller. Through a series of transactions among related entities, PSA acquired the building (but not the land) on June 14, 1978, and claimed on its partnership returns that the building's cost and therefore its depreciable basis was $7,759,200. Of this amount, $7,259,200 was nonrecourse financing, under which the mortgagees had a right to obtain the property in the event of default but no right to secure payment of their loans from any persons or entities.

The Tax Court found that the fair market value of the property when acquired by PSA could not have been more than the $4,200,000 paid for the complex just six weeks before. Since PSA purchased only the building, the Court also found that the building alone was "almost certainly" worth less than $4,200,000. *Pleasant Summit Land Corp.*, 54 T.C.M. (CCH) 566, 573–75 (1987) [available on WESTLAW, FTX–TCT database]. Then, turning to the heart of the controversy, the Court concluded that since the purchase price ostensibly paid by PSA to acquire the building unreasonably exceeded the value of the building and since the nonrecourse mortgages that formed the bulk of the purchase price substantially exceeded the value of the property, leaving the borrower with no economic incentive to pay off the loans (other than the tax incentive to perpetuate a scheme to secure tax losses based on depreciation and interest deductions), "no 'investment in the property' occurred and no 'genuine indebtedness' exists." *Id.* at 575 (quoting *Odend'hal v. Commissioner*, 80 T.C. 588, 604 (1983), *aff'd*, 748 F.2d 908 (4th Cir.1984), *cert. denied*, 471 U.S. 1143, 105 S.Ct. 3552, 86 L.Ed.2d 706 (1985), and citing *Knetsch v. United States*, 364 U.S. 361, 81 S.Ct. 132, 5 L.Ed.2d 128 (1960)). The Tax Court based primary reliance on *Estate of Franklin v. Commissioner*, 544 F.2d 1045 (9th Cir.1976), *aff'g* 64 T.C. 752 (1975).

We agree with the reasoning and conclusions of the Tax Court, and, for the reasons

set forth in Judge Cohen's thorough opinion, the judgment of the Tax Court is affirmed.